Leon Roe, Appellant, v. Nels T. Engstrom et al., Appellees.

Gen. No. 32,612.

Opinion filed December 19, 1928.

Frank F. Tollkuehn, for appellant.

Aaron Soble, for Wm. D. Martin, appellee.

Mr. Justice Ryner delivered the opinion of the court.

The complainant filed in the superior court of Cook county his bill of complaint in the usual form, to foreclose a trust deed. The cause was referred to a master in chancery to take proofs. Upon the coming in of his report it was approved and a decree of sale entered. There was a sale of the property described in the trust deed, and the master's report of sale confirmed by the court.

The only question presented for review by this appeal is whether the court erred in denying complainant an allowance for solicitor's fees. The master reported that the trust deed provided for the allowance of reasonable solicitor's fees and that the complainant was compelled to and did employ a solicitor. No objections to the report were filed and it was in all respects confirmed by the decree of sale.

The decree contained, among other things, a finding that there was due complainant the sum of $2,404.67 and two small sums representing items of costs, "and in addition thereto the costs of this court and attorney's fees to be fixed on the reference in addition to said sum." There was also a finding that there was due to William D. Martin the sum of $848.84 on a junior trust deed, and the further sum of $899.34 on a third trust deed.

The decree directed that unless the owners of the property, within five days, paid the principal sums so found to be due, together with interest thereon, "and also the costs of this suit including solicitor's fees" etc., the property should be sold and that, out of the proceeds of sale, the master should first retain a suffi-

cient amount to cover disbursements, commissions and unpaid costs, and then to pay to complainant the amount due him with interest and taxable costs "and also a sum for solicitor's fees to be determined upon a re-reference for distribution, etc."

The master reported that he had sold the property for the sum of $3,000 and that, after deducting his fees and commissions, there was in his hands a balance of $2,804.02, held subject to the order of court. The report was confirmed by the court and an order entered re-referring the cause to the master "To take proofs as to solicitor's fees, and make distribution of the proceeds, including costs, solicitor's fees, stenographer's fees, master's fees, and any other expenses of the complainant." The master in his report on the re-reference found that it was necessary to a proper presentation of the cause before the court for the complainant to employ a solicitor and that a reasonable fee for the solicitor would be $275.

At this point in the proceeding, Martin, who was decreed to be entitled to the sum of $1,748.18 due on notes secured by the two junior trust deeds, filed with the clerk of the court his petition in which he asked that the complainant's application for solicitor's fees be denied and that the balance of moneys, amounting to approximately $391.80, in the hands of the master be paid to him.

The petition, after setting forth the substance of those parts of the master's report and the decree of sale pertinent to the question whether complainant should be allowed solicitor's fees, alleged that two days before the sale petitioner appeared in open court and tendered to the complainant the several amounts of money found to be due him under the decree of sale, but that the tender was refused because it did not include an offer to pay solicitor's fees.

The complainant interposed a demurrer to the peti-

tion, which the court overruled. The court thereupon entered an order confirming the master's report of distribution, excepting certain items of costs amounting to $52.65, and the item of $275 for solicitor's fees for complainant. The court denied any allowance to complainant for solicitor's fees and ordered these sums of money to be paid to the petitioner, Martin, to apply on account of the indebtedness found to be due to him under the decree of sale.

At the outset there arises some doubt as to which party to the cause in the superior court is here opposing complainant's request that the decree of that court be reversed. Counsel who filed a brief and argument "for appellee" entered a formal written appearance for Nels F. Engstrom alone. Engstrom at one time owned the property in question but died before complainant filed his bill. On the cover of the brief counsel says he is solicitor for "Wm. D. Martin, Appellee." He signs the brief as "Solicitor for certain defendants."

We assume from the facts and the context of counsel's brief that he is the solicitor for Martin. This would be the natural inference to be drawn, because the only question in controversy is whether Martin should get all of the moneys constituting the balance in the master's hands, or whether out of such moneys there should first be paid a reasonable solicitor's fee to complainant.

Counsel for Martin urges, in support of the decree or order of the superior court denying fees, that the court was without jurisdiction, at a term subsequent to that at which the decree of sale was entered, to re-refer the cause or to adjudicate the question of fees. This would probably be true if the decree was silent on this issue. But it is not. It finds that complainant is entitled to solicitor's fees, but instead of fixing the

amount, provides that the amount shall be determined upon a re-reference for distribution. While the language of the decree on this issue is not as definite as it might be, we think it is sufficient to reserve jurisdiction in the court to determine the amount of solicitor's fees at a subsequent term.

Counsel did not object or except to the finding of the master that the complainant was compelled to and did employ a solicitor and that he was accordingly entitled to a reasonable allowance for the services of such solicitor. There was no exception to or appeal from the decree. Both he and his client apparently were satisfied with the decree, including the provision that fees were to be allowed, the amount to be determined after the report of the master upon a re-reference.

So far as the record discloses, no question was raised about the propriety of allowing solicitor's fees, or the method of procedure adopted in regard to the fixing of the amount thereof, until two days before the date set for the sale, when Martin, according to his petition, made a tender to the complainant which did not include an offer to pay any fee.

This belated action of Martin on the eve of sale was probably inspired by recently acquired information that the property might not sell for a sufficient amount to satisfy the indebtedness due him. He waited until exactly one day after the term of court at which the decree of sale was entered to make this move. It was then too late to take further testimony or have the decree amended. If he were successful in the contention which he makes here, that he was obliged to tender only the amounts determined and definitely fixed in the decree of sale as being due to the complainant, he would have deprived the complainant of any allowance of the solicitor's fees to which the court held he was entitled.

Counsel for Martin also lays stress upon the provi-

sion of the trust deed that all expenses and disbursements should be taxed as costs and "included in any decree that may be rendered in such foreclosure proceeding." This provision was undoubtedly made to give full protection to the holders of the notes secured by the trust deed. It does not specify what decree, but says "any" decree. Even if this language be construed to refer to the decree of sale, it would not follow that this deprived the court of the right to reserve jurisdiction to determine at a later date the amount of such costs and disbursements. Particularly is this true where the parties did not make objection in apt time to such procedure.

The practice adopted in this case of reserving jurisdiction in the decree of sale to determine after the sale the amount of solicitor's fees to be allowed is to be condemned. The proper practice is for the master to hear the evidence in support of such allowance on the first reference and for the court to determine and fix in the decree of sale a specified amount in the event that fees are allowed. This has been the invariable practice in foreclosure suits. *Unity Co. v. Equitable Trust Co.,* 204 Ill. 595.

The court, however, did reserve jurisdiction to fix the amount of solicitor's fees to be allowed at a subsequent term. This it had the unquestionable power to do. This method of procedure Martin acquiesced in until the term had passed, and it was too late to receive further evidence or order a re-reference and amend the decree. At the time the master's report of distribution was under consideration the court still had jurisdiction to allow solicitor's fees and to determine the amount thereof. The testimony taken before the master was sufficient to warrant an allowance, the amount to be allowed to be determined from such evidence and the court's own knowledge of the reasonable value of such services.

The decree of the superior court of Cook county denying solicitor's fees to the complainant will be reversed and the cause remanded with directions to proceed in conformity with the views expressed in this opinion.

*Reversed and remanded with directions.*

HOLDOM, P. J., and WILSON, J., concur.